# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Yu Hin Chan

                        Plaintiff,                    **Case No.**

            v.                                        **COMPLAINT**

Mark Salem, Mark Salem Law PC,

United States of America                **JURY TRIAL DEMANDED**

                        Defendants

--------------------------------------------------------------------------------x

Plaintiff Yu Hin Chan sworn under penalty of perjury and alleges as follows:

## PARTIES

1. Plaintiff  Yu Hin Chan is the defendant in 505280/2024, *252685 ST LLC, Hang Chen, Emily Hui Chen-Liang v. Yu Hin Chan and  Feifei Gu,*


2. Defendant Mark Salem  is the Attorney of the above case, which is still hanging in Kings Supreme Court; Defendant Mark Salem Law PC is company of Mark Salem, owned and operated by Defendant Mark Salem,


3. The United States of America is named as Defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C § 1346 and 2671-80 et. seq. The liability of the United States of America arises from the acts and omissions of employees and agents of the Federal Bureau of Investigation, an agency of the defendant.

## BACKGROUND

1. On 10/02/2023, Plaintiff Yu Hin Chan moved into 2526 85th st 2fl Brooklyn NY 11214,

2.Former Landlord Raymond Chan and Xin Mei Chen started to hire Mark Salem to do the litigation.

3. On 02/22/24, Defendant Mark Salem initiated 505280/2024 (see Exhibit 1), made tons of FALSE allegations towards Yu Hin Chan, which is also sworn and signed by him under penalty of perjury,

## NATURE OF THE ACTION

Defendant Mark Salem  MADE FALSE STATEMENT

in  505280/2024

against Plaintiff

1.  On 02/22/2024 Defendant Mark Salem filed Fake case 505280/2024 at Kings Supreme Court to Harass Plaintiff,

2.  The case is totally FAKE AND FALSE.

3.  Defendant Mark Salem Claims that Plaintiff made false 311 complaints, but Complaints were documented by HPD.

4.  Defendant Mark Salem claims that Plaintiff  (Actions Substantially and reasonably interferes with other people's use , including but not limited to the plaintiffs and other tenants of the building where the premises is located) with no evidence and ridiculousness.

5.  Defendant Mark Salem claimed that ( Defendants broke plaintiffs security camera that was located in the common area of the building owned by plaintiffs where the premises is located.) with NO EVIDENCE AGAIN.

6.  Defendant Mark Salem Claim that (his client Hang Chen, Emily HUI CHEN -LIANG ARE NOT THE AGENTS OF REMAX.) THIS IS TOTALLY LIAR IN THE CASE OF 505280/2024.

FBI SHOULD INVESTIGATE Mark Salem, Mark Salem Law PC

1. As had been stated above, Defendant Mark Salem Committed forgery by filing FALSE Complaint 505280/2024, verified by a written declaration that it is made under the penalties of perjury, which he does not believe to be true and correct as to every material matter,

2. On 07/05/24, Plaintiff submitted tips regarding Defendant Mark Salem committing federal crimes to the FBI online tip portal, however, there was no response from the FBI since,

3. On 07/09/24, Plaintiff mailed Form 95 to the FBI's office in NYC,

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 as Plaintiff proceeds under the Federal Tort Claims Act, in which the Court is vested with jurisdiction pursuant to 28 U.S.C § 1346.

2. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) as reports of federal crimes committed by Mark Salem were made to the FBI in this district.

## CAUSE OF ACTION: NEGLIGENCE

1. The FBI has an obligation empowered by Defendant the United States to investigate alleged Federal Crime,

2. The FBI violated its duty by failing to properly investigate and failing to intervene in the crimes committed by Defendant Mark Salem.

3. Plaintiff suffered emotional distress due to gross negligence of Defendant the United States' failure to investigate and intervene in Mark Salem's committed crimes,

4. Plaintiff will continue to suffer severe damages if the FBI still fails to investigate Defendant Mark Salem.

JURY DEMAND

Plaintiff Yu Hin Chan hereby demands a trial by jury on all issues.

Wherefore, Plaintiff Yu Hin Chan demands JUDGMENT against Defendants as follows:

1. An amount of $3 million against Defendants Mark Salem, Mark Salem Law PC,

2. An amount of $10 million against Defendant the United States,

3. Such other and further relief as this Court deem just and proper.

Dated:    07/12/2024    *Yu Hin Chan*    *Yu Hin Chan*

**State of New York**
**County of New York**

Sworn to before me on:    **JUL 1 2 2024**

JOSHUA L. TORRES
Notary Public, State of New York
Reg. No. 04TO0015294
Qualified in New York County
Commission Expires Oct. 30, 2027

# EXHIBIT  1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------X

252685 ST LLC, HANG CHEN and EMILY HUI
CHEN-LIANG,

                                    Plaintiffs,

              -against-

FEIFEI GU and YU HIN CHAN

                                    Defendants.

----------------------------------------------------------------X

Index No. _____

**SUMMONS**

Plaintiff designates KINGS
County as the place of trial.
The basis of venue is
Plaintiff's address:
2526 85TH Street
Brooklyn, NY 11214

TO THE ABOVE-NAMED DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, on the plaintiff's Attorneys within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after service is complete if this summons is not

personally delivered to you within the State of New York) and to file a copy of your answer with

the Clerk of the above-named Court; and in case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
       February 22, 2024

                                    Respectfully,

                                    *Mark Salem*

                                    Mark Salem, Esq.
                                    MARK SALEM LAW PC
                                    *Attorneys for Plaintiffs*
                                    1669 East 10th Street
                                    Brooklyn, NY 11223
                                    (718) 701-0120

Defendant's Addresses: See Addendum

1

## ADDENDUM

Feifei Gu
2526 85th Street, 2nd Floor
Brooklyn, NY 11214

Yu Hin Chan
2526 85th Street, 2nd Floor
Brooklyn, NY 11214

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————————— X      Index No.: _____

252685 ST LLC, HANG CHEN and EMILY HUI
CHEN-LIANG,

                       Plaintiffs,

                  - against -                          **VERIFIED COMPLAINT**

FEIFEI GU and YU HIN CHAN

                    Defendants.

———————————————————————— X

        Plaintiffs, 252685 ST LLC, HANG CHEN, EMILY HUI CHEN-LIANG and

SUSANA CHEN CHONG, complaining of the defendants, by their attorneys, MARK SALEM

LAW PC, alleges for their complaint as follows:

### THE PARTIES

      1.        The Plaintiff 252685 ST LLC is a domestic limited liability company organized

under the laws of the State of New York.

      2.        The Plaintiff HANG CHEN is a natural person residing in the State of New

York.

      3.        The Plaintiff EMILY HUI CHEN-LIANG is a natural person residing in the

State of New York.

      4.        Upon information and belief, the Defendant FEIFEI GU is a natural person

residing in the State of New York.

5.      Upon information and belief, the Defendant YU HIN CHAN is a natural person residing in the State of New York.

## ALLEGATIONS COMMON TO ALL CLAIMS

6.      Upon information and belief, on or about June 8, 2010, Xin Mei Chen and Raymond Chan (collectively "former landlords") purchased the premises known as 2526 85th Street, Brooklyn, NY 11214.

7.      The 2526 85th Street, Brooklyn, NY 11214 is a multiple family dwelling with four apartments.

8.      Upon information and belief, at all times relevant to this complaint, on or about October 1, 2023, the defendants, Feifei Gu and Yu Hin Chan (collectively the "Defendants"), rented the 2nd Floor apartment of Premises (the "Premises") on a month-to-month basis.

9.      Upon information and belief, at all times relevant to this complaint, since the inception of the month-to-month tenancy, Defendants complained to the former landlords of the lack of heat, lack of hot water and the presence of pests.

10.     Upon information and belief, at all times relevant to this complaint, Defendants refused to provide the former landlords access to review and remediate any issues complained of by the Defendants.

11.     Upon information and belief, at all times relevant to this complaint, as a result of Defendants failure to provide access to the former landlords, the former landlords sent the Defendants a thirty (30) day Notice of Termination, ending the month-to-month lease on November 30, 2023.

12.     Upon information and belief, at all times relevant to this complaint, instead of vacating the Premises after being at the Premises for less than a month and in a month-to-month

4

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 02/22/2024

tenancy, Defendants remained at the Premises, claimed the former landlords were not making the necessary repairs and refused to provide the former landlords access to perform the requested repairs.

13.     Upon information and belief, at all times relevant to this complaint, Defendants began filing multiple lawsuits against the former landlords and multiple Order to Show Causes in the Supreme Court, Kings County, Index Numbers, 882/2023, 906/2023, 934/2023, 881/2023, 925/2023 complaining of the condition of the premises and to Stay any eviction from the Premises.

14.     Upon information and belief, at all times relevant to this complaint, all of said lawsuits and Order to Show Cause's were requesting the same relief to Stay any eviction, all of which were denied by the court.

15.     Upon information and belief, at all times relevant to this complaint, on or about October 11, 2023, the Defendants began to log various complaints with the Department of Housing Preservation and Development ("HPD") by calling 311, complaining of a lack of heat and the presence of pests.

16.     Upon information and belief, at all times relevant to this complaint, from October 13, 2023 through December 31, 2023, the Defendants logged thirty-two (32) complaints with HPD by calling 311, complaining of the lack of heat at the Premises.

17.     Upon information and belief, at all times relevant to this complaint, HPD inspected the complained of lack of heat, no violations were issued and the complaints were closed.

18.    Upon information and belief, at all times relevant to this complaint, from October 13, 2023 through December 31, 2023, the Defendants logged fourteen (14) complaints with HPD by calling 311, complaining of the lack of hot water at the Premises.

19.    Upon information and belief, at all times relevant to this complaint, HPD inspected the complained of lack of hot water, no violations were issued and the complaints were closed.

20.    Upon information and belief, at all times relevant to this complaint, from October 13, 2023 through December 31, 2023, the Defendants logged four (4) complaints with HPD by calling 311, complaining of the pests/roaches at the Premises.

21.    Upon information and belief, at all times relevant to this complaint, HPD inspected the complained of condition and issued a violation.

22.    Upon information and belief, at all times relevant to this complaint, the former landlords, Xei Mei Chen and Raymond Chan were not granted access to the Premises by the Defendants and were therefore unable to exterminate prior to the complaints and even after the violations were issued.

23.    Upon information and belief, at all times relevant to this complaint, on or about November 8, 2023, Defendants filed an HPD action against the former landlords for said violations.

24.    Upon information and belief, at all times relevant to this complaint, in the HPD action, the court Ordered that Defendants provide access on December 11, 2023 and December 12, 2023 to correct any violations on the Premises.

25.    Upon information and belief, at all times relevant to this complaint, despite the court order, Defendants did not provide full access as required by court Order and repairs

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 02/22/2024

necessary to cure violations were unable to be performed in full, including but not limited to permitting access to the entire apartment to exterminate.

26.     Upon information and belief, at all times relevant to this complaint, as a result of Defendants actions, on or about December 19, 2023, plaintiff 252685 ST LLC, purchased the Premises from the former landlords.

27.     Upon information and belief, at all times relevant to this complaint, the former landlords sent a notice to the Defendants of the change of ownership.

28.     Upon information and belief, at all times relevant to this complaint, from December 19, 2023 through December 21, 2023, HANG CHEN and EMILY HUI CHEN-LIANG, agents of 252685 ST LLC (hereinafter referred to as "Agents"), introduced themselves to Defendants and requested access to the Premises in order to access the lack of hot water and lack of heat and to correct any violations.

29.     At all times relevant to this complaint, the Agents were denied access.

30.     At all times relevant to this complaint, Agents documented open windows at the Premises on December 23, 2023 and December 24, 2023.

31.     Upon information and belief, at all times relevant to this complaint, on December 25, 2023, Defendants filed a complaint with HPD, claiming there was no heat at the Premises.

32.     Upon information and belief, at all times relevant to this complaint, on December 26, 2023, Agents attempted to contact the Defendants via text message to gain access to the Premises in order to inspect the lack of heat but were met with no response.

NYSCEF DOC. NO. 1                                                           RECEIVED NYSCEF: 02/22/2024

33.     Upon information and belief, at all times relevant to this complaint, Agents documented open windows at the Premises and documented heat coming from the boiler and heater on December 26, 2023 and December 27, 2023.

34.     Upon information and belief, at all times relevant to this complaint, the Defendants filed a complaint with HPD on December 27, 2023, complaining of no heat.

35.     Upon information and belief, at all times relevant to this complaint, Agents attempted to contact Defendants via text message to coordinate a time to enter the Premises and repair the alleged issues.

36.     Upon information and belief, at all times relevant to this complaint, Defendants did not respond to this message.

37.     Upon information and belief, at all times relevant to this complaint, Defendants filed a complaint with HPD on December 28, 2023 complaining of no heat.

38.     Upon information and belief, at all times relevant to this complaint, Agents sent a Notice to Tenant to Make Repairs letter by certified mail to the Defendants, requesting that the Defendants grant access to the Premises so that Plaintiffs can fix the alleged issues.

39.     Upon information and belief, at all times relevant to this complaint, the Defendants filed two complaints with HPD on December 29, 2023, claiming no hot water at the Premises.

40.     Upon information and belief, at all times relevant to this complaint, Agents recorded the windows of the Premises were open and the heat and hot water were working on December 30, 2023.

41.     Upon information and belief, at all times relevant to this complaint, Defendants filed a complaint with HPD, claiming no hot water at the Premises on December 31, 2023.

8

42.    Upon information and belief, on or about December 31, 2023, at all times relevant to this complaint, Agents arrived at the premise to post a notice of their seventh attempt to gain access to the Defendant's apartment to fix the alleged issues on the door Defendants' unit.

43.    Upon information and belief, at all times relevant to this complaint, on or about December 31, 2023, Defendant FeiFei came out of the unit and called the police department on the Agents.

44.    Upon information and belief, at all times relevant to this complaint, Defendants ripped the notice off of the door and threw it down the stairs.

45.    Upon information and belief, on or about December 31, 2023, Defendant filed Complaint Report No. 2023-62-8980 claiming aggravated harassment.

46.    Upon information and belief, at all times relevant to this complaint, on or about December 31, 2023, Defendant FeiFei destroyed a security camera at the Premises that belonged to and was placed legally by the Agents.

47.    Upon information and belief, at all times relevant to this complaint, Agents arrived at the Premises with a camera repair professional and police officer on January 1, 2023 to fix the security camera that was broken by the Defendant.

48.    Upon information and belief, at all times relevant to this complaint, the camera repair professional found a note from Defendants that was threatening in nature on the broken security camera.

49.    Upon information and belief, on or about January 2, 2023, Agents had a professional come to the Premises and check that the heater and boiler were working properly.

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 02/22/2024

50.     Upon information and belief, at all times relevant to this complaint, the Agents documented open windows in the Defendants' unit on January 2, 2023 and January 3, 2023.

51.     Upon information and belief, at all times relevant to this complaint, the Defendants contacted the Agents' supervisor and threatened the Agents and the company at which they are employed, Re/Max.

52.     Upon information and belief, at all times relevant to this complaint, Defendants left false and harassing negative reviews of the Agents on Google.

53.     Upon information and belief, at all times relevant to this complaint, Agents sent a pest control professional to the Premises on January 2, 2023 and he or she was not granted access.

54.     At all times relevant to this complaint, Defendants committed these actions with the intent to harass, threaten, seriously annoy or alarm the plaintiffs.

### AS AND FOR A FIRST CAUSE OF ACTION
### (*Private Nuisance*)

55.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein.

56.     At all times relevant to this complaint, Defendants placed a camera in the common area of the building owned by the Plaintiffs where the Premises is located without Plaintiffs permission.

57.     At all times relevant to this complaint, Defendants significantly interfered with Plaintiffs private enjoyment and use of Plaintiffs land by placing a camera in the common area of the building owned by the Plaintiffs where the Premises is located without Plaintiffs permission.

58.     At all times relevant to this complaint, Defendants actions in placing the camera in the common area of the building was intentional in origin and unreasonable in character.

59.     At all times relevant to this complaint, Defendants broke Plaintiffs security camera that was located in the common area of the building owned by the Plaintiffs where the Premises is located.

60.     At all times relevant to this complaint, Defendants significantly interfered with Plaintiffs private enjoyment and use of Plaintiffs land by breaking a security camera in the common area of the building owned by the Plaintiffs where the Premises is located.

61.     At all times relevant to this complaint, Defendants actions in breaking Plaintiffs security camera in the common area of the building was intentional in origin and unreasonable in character.

62.     At all times relevant to this complaint, Defendants called the police department on the Plaintiffs multiple times without reason when Plaintiffs were in the common area of the building owned by the Plaintiffs where the Premises is located.

63.     At all times relevant to this complaint, Defendants significantly interfered with Plaintiffs private enjoyment and use of Plaintiffs land by calling the police department on multiple occasions, without reason on the Plaintiffs when the Plaintiffs were lawfully in the common area of the building owned by the Plaintiffs where the Premises is located.

64.     At all times relevant to this complaint, Defendants actions in calling the police department multiple times without reason while Plaintiffs were in the common area of the building was intentional in origin and unreasonable in character.

65.     At all times relevant to this complaint, Defendants are causing significant interference with the private enjoyment and use of Plaintiffs land.

11

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 02/22/2024

66.     At all times relevant to this complaint, Defendants conduct is unreasonable and intentional.

67.     At all times relevant to this complaint, Defendants actions substantially and unreasonably interferes with other people's use, including but not limited to the Plaintiffs and the other tenants of the building where the Premises is located.

68.     By reason of the foregoing acts and conduct, Plaintiffs are entitled to recover all actual damages Plaintiffs sustained as a result of the acts as alleged above, plus consequential and punitive damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (*Property Damage*)

69.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein.

70.     At all times relevant to this complaint, Defendants broke Plaintiffs security camera that was located in the common area of the building owned by the Plaintiffs where the Premises is located.

71.     At all times relevant to this complaint, Defendants destruction of Plaintiffs property was unlawful.

72.     At all times relevant to this complaint, Defendants actions were negligent.

73.     At all times relevant to this complaint, Defendants actions were intentional.

74.     At all times relevant to this complaint, Defendants actions caused Plaintiff harm including but not limited to having to hire and pay a repairman to repair and/or replace the camera.

75.    By reason of the foregoing acts and conduct, Plaintiffs are entitled to recover all actual damages Plaintiffs sustained as a result of the acts as alleged above, plus consequential and punitive damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (*Prima Facie Tort*)

76.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein.

77.    At all times relevant to this complaint, Defendants broke Plaintiffs security camera located in the common area of the building where the Premises is located.

78.    At all times relevant to this complaint, Defendants breaking Plaintiffs security camera was with the malicious intent to harm the Plaintiffs.

79.    At all times relevant to this complaint, Defendants actions caused special damages to the Plaintiffs including but not limited to having to secure a camera repairman and pay for the repair costs and/or replacement of the broken camera.

80.    At all times relevant to this complaint, Defendants filed complaints with the Department of Housing and Preservation ("HPD") without permitting the Plaintiffs to access the Premises and remedy any complaints.

81.    At all times relevant to this complaint, after violations were issued, Defendants continued to refuse to provide Plaintiffs with access causing the HPD action to continue without permitting the Plaintiffs to remedy violations.

82.    At all times relevant to this complaint, Defendants actions were with malicious intent to harm the Plaintiffs.

83.     At all times relevant to this complaint, Defendants actions caused special damages to the Plaintiffs including but not limited to pay additional costs for repairmen, pest control and attorneys fees in defending the action.

84.     Defendants actions were without justification and for the sole motivation to hurt the Plaintiffs.

85.     At all times relevant to this complaint, Plaintiffs conduct with Defendants was lawful.

86.     At all times relevant to this complaint, Plaintiffs conduct with Defendants did not give rise to an action for some other tort.

87.     At all times relevant to this complaint, Defendants maliciously intended to harm the Plaintiffs.

88.     At all times relevant to this complaint, Defendants conduct caused special damages to the Plaintiff.

89.     At all times relevant to this complaint, Defendants conduct was without justification.

90.     At all times relevant to this complaint, Defendants sole motivation for their actions was to hurt the Plaintiffs.

91.     By reason of the foregoing acts and conduct, Plaintiffs are entitled to recover all actual damages Plaintiffs sustained as a result of the acts as alleged above and consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (*Injunction*)

14

92.      Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein.

93.      At all times relevant to this complaint, Defendants called the police department on the Plaintiffs for simply being lawfully present in the common area of the building where the Premises is located.

94.      At all times relevant to this complaint, Defendants made various allegations and complaints to HPD including but not limited to allegations of no hot water, no heat and pests at the Premises.

95.      At all times relevant to this complaint, Defendants filed an HPD action for the failure of Plaintiffs to cure HPD violations.

96.      At all times relevant to this complaint, Defendants made these complaints with HPD but failed to provide Plaintiffs with access to cure any violations.

97.      Upon information and belief, at all times relevant to this complaint, Defendants filed multiple Supreme Court actions against the former owners of the Premises to Stay any eviction from the Premises, despite not providing the former owners' access.

98.      At all times relevant to this complaint, Defendants broke Plaintiffs security camera located in the common area of the building where the Premises is located.

99.      Upon information and belief, at all times relevant to this complaint, Defendants actions are without justification and is intended to harass the Plaintiffs.

100.     Upon information and belief, at all times relevant to this complaint, Defendants actions are intended to cause Plaintiffs to incur attorneys fees.

101.    Defendants' continuous interference with Plaintiffs rights as a landlord and Plaintiffs desire to fix and cure any violations at the Premises continues to diminish the Plaintiffs right to enjoy their property and has harassed the Plaintiffs'.

102.    Plaintiffs continue to be irreparably harmed by Defendants actions.

103.    The more the Defendants refuse Plaintiffs access to the Premises, make bogus complaints to the police department, file frivolous and malicious actions and destroy Plaintiffs property, the more Plaintiffs are harmed.

104.    This harm is immediate and continues to increase.

105.    In light of the injury produced to the Plaintiffs' as a direct result of the Defendants' interference with the Plaintiffs and their property, the Plaintiffs request an order be issued permanently enjoining the Defendants and all those on notice of said order from interfering with Plaintiffs rights as a landlord and to enjoin the Defendants from refusing to provide Plaintiffs with reasonable access to the Premises especially when the access is needed to resolve any complaints and violations that Defendants otherwise seek to be cured.

106.    By reason of the foregoing acts and conduct, Plaintiffs are entitled to an injunction.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (*Defamation*)

107.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein.

108.    Defendants have made false statements about the Plaintiffs, their agent Susana Chen Chong and their attorney, Mark Salem and Mark Salem Law, P.C. both oral and written.

109.    These false statements were made out to be facts.

110. Defendants published these statements online under alias names and under multiple google reviews.

111. The statements were made to harm each of the plaintiffs, Susana Chen Chong, Mark Salem and Mark Salem Law, P.C and their reputations.

112. These false statements made by Defendants were material misrepresentations and/or culpable omissions of material facts.

113. Defendants, under the alias of Shelbi Ferrari, posted a review on google that says: "This person, or maybe shouldn't call him a human, HANG CHEN, is a nasty, Comes to the premise installing security cameras in every corner, let unknown persons come into the building and harass tenants and even claims himself to be the owner but he is only an agent!!!"

114. Defendants, under the alias Uken Hidaka, posted a google review of Re/Max that says: "STUPID AGENTS. BRAINLESS. ESPECIALLY HANG CHEN, EMILY LIANG, SUSANA CHEN. HARASSING THE TENANT AT THE MIDNIGHT. MAKING CRAZY PROVOCATION. LIKE A GANGSTER. IS THIS A GANGDOM COMPANY?"

115. These statements are untrue.

116. Upon information and belief, at all times relevant to this complaint, the Plaintiffs were not acting on behalf of Re/Max during any interaction with the Defendants, the Plaintiffs are not agents of Re/Max and Re/Max is not the owner or in any way affiliated with the Premises.

117. Upon information and belief, Defendants review is intended for the purpose of harassing the Plaintiffs at their place of employment and to damage their reputation in their business.

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/22/2024

118.    Upon information and belief, Defendants, under the alias of Shelbi Ferrari, posted a google review of Mark Salem Law, P.C. that says: "worst lawyer ever seen."

119.    This statement is untrue.

120.    Upon information and belief, Defendants actions were false statements intended for the sole purpose harassing of damaging Mark Salem's and Mark Salem Law's reputation, as the Defendants adversary attorney.

121.    In making each of these material misrepresentations and/or omissions, Defendants acted with scienter in that they either had actual knowledge of the material misrepresentations and/or omissions of material fact set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose the true facts, even though such facts were available to them.

122.    Defendants intended that others rely on the material misrepresentations and/or omissions so that the Plaintiffs and their attorney would not pursue legal action to protect their rights.

123.    On a popular search engine such as google, with a lower "star" rating caused by these reviews, others do and did in fact reasonably and justifiably rely on the material representations and/or culpable omissions made by Defendants.

124.    In reasonably and justifiably relying on the Defendants' material representations, the Plaintiffs and Mark Salem Law, P.C. have lost or will lose business.

125.    Upon information and belief, at all times relevant to this Complaint, Defendants made these statements without privilege or authorization.

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 02/22/2024

126.    Upon information and belief, at all times relevant to this Complaint, Defendants made these statements with actual malice, ill will, hatred, and/or spite.

127.    Upon information and belief, at all times relevant to this Complaint, Defendants published these statements orally and/or in writing, with actual knowledge that they were false or with reckless disregard for their truth or falsity.

128.    In New York, harassment is serious crime.

129.    Defendants defamatory statements were injurious to the Defendant's trade, business, and profession.

130.    But for the Defendants defamatory statements, Plaintiffs would not have lost business, sales and money.

131.    Defendants defamatory statements have caused special damages to the Plaintiffs in depriving Plaintiffs of business.

132.    By reason of the foregoing acts and conduct, Plaintiffs are entitled to recover all actual damages Plaintiffs sustained as a result of the acts as alleged above, plus consequential and punitive damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (*Invasion of Privacy*)

133.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein

134.    At all times relevant to this complaint, Defendants placed Plaintiffs in a false light.

135.    At all times relevant to this complaint, the Defendants posted online various Google reviews that are public about the Plaintiffs and their employer, Re/Max.

19

NYSCEF DOC. NO. 1                                                                 RECEIVED NYSCEF: 02/22/2024

136.    At all times relevant to this complaint, Defendants posts were made in writing, online, in public, with reckless disregard.

137.    At all times relevant to this complaint, the posts placed the plaintiff in a false light.

138.    At all times relevant to this complaint, these posts and the contents thereof, as described herein, would be highly offense or embarrassing to a reasonable person.

139.    By reason of the foregoing acts and conduct, Plaintiffs are entitled to recover all actual damages Plaintiffs sustained as a result of the acts as alleged above, plus consequential and punitive damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (*Punitive Damages*)

140.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein

141.    Defendants conduct evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply a criminal indifference to civil obligations.

142.    Defendants' wrongdoings were and are deliberate and has the character of outrage frequently associated with crime.

143.    The misconduct was exceptional, as the Defendants acted maliciously, wantonly, and/or with a recklessness that betokens an improper motive or vindictiveness and have engaged in outrageous or oppressive intentional misconduct or with reckless or wanton disregard of safety or rights.

144.    By reason of the foregoing, Plaintiffs are entitled to punitive damages in an amount to be determined by the court.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (*Attorneys Fees*)

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/22/2024

145.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in this complaint, with the same force and effect as though fully set forth herein.

146.    As a result of Defendants actions including but not limited to requiring Plaintiffs to demand an injunction, defamation, frivolous suits, destruction of property and failing to provide Plaintiffs access to the Premises and the foregoing litigation, Defendants have and will have incurred litigation costs and attorneys fees in defending the HPD action and in pursuing this action.

147.    In light of the foregoing, Plaintiffs demand an award of attorneys fees and disbursements.

**WHEREFORE**, the plaintiffs demands a trial by jury and judgment against the defendants in an amount greater than the jurisdictional minimum limit of this court.

Dated: Brooklyn, New York
        February 22, 2024


_____
Mark Salem, Esq.

21

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 02/22/2024

## VERIFICATION

HANG CHEN affirms the following subject to the penalties perjury pursuant to CPLR 2106:

I am an agent of 252685 ST LLC, a plaintiff herein, ("Plaintiff") and am familiar with the facts of this case based upon my review of Plaintiffs corporate books and records. I hereby state that the facts and allegations contained in the Complaint are true, except so far as they are therein stated to be on information and that, so far as they are therein stated to be on information, I believe them to be true.

*I affirm this _31 day of January, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I ioy f / stand that this document may be filed in an action or proceeding in a court  ;law.*

HANG CHEN

22

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/22/2024

## INDIVIDUAL VERIFICATION

Hang Chen affirms the following subject to the penalties perjury pursuant to CPLR 2106:

He is a Plaintiff in the within action; that he has read the Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

*I affirm this* 31 *day of January, 2024, under the penalties of perjury under the laws of New    k, which may include a fine or imprisonment, that the foregoing is* **true, and ,I,   derst7d  that  thiS document  may  be filed in an action or proceeding ina  court    law**

Hang Chen

23

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 02/22/2024

## INDIVIDUAL VERIFICATION

EMILY HUI CHEN-LIANG affirms the following subject to the penalties perjury pursuant to CPLR 2106:

She is a Plaintiff in the within action; that she has read the Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

*I affirm this _31 day of January, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding*

**inacou**

EMILY HUI CHEN-LIANG

24

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/22/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————— X        Index No.: _____

252685 ST LLC, HANG CHEN and EMILY HUI
CHEN-LIANG,

                  Plaintiffs,

                - against -

FEIFEI GU and YU HIN CHAN,

                  Defendants.

———————————————————— X

## SUMMONS & VERIFIED COMPLAINT

### MARK SALEM LAW, P.C.
1669 East 10th Street
Brooklyn, NY 11223
(718) 701-0120
*Attorneys for Plaintiffs*

Pursuant to 22 N.Y.C.R.R. § 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: Brooklyn, NY
      February 22, 2024

                                _____
                                Mark Salem, Esq.