UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YU HIN CHAN,

                              Plaintiff,

                -against-                                24-CV-5477 (LTS)

MARK SALEM; MARK SALEM LAW PC;                          TRANSFER ORDER
UNITED STATES OF AMERICA,

                              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, brings this action *pro se*. Plaintiff's suit is related to *Gu v. Chen*, No. 24-CV-5209 (LTS) (S.D.N.Y. July 11, 2024), which the Court has ordered transferred to the Eastern District of New York. For the following reasons, this action is also transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Defendant Mark Salem is an attorney who represented Hang Chen, Emily Hui Chen-Lian, and 252685 ST LLC, in a suit in the Supreme Court of the State of New York, Kings County, against Yu Hin Chan, who is the Plaintiff in this action, and FeiFei Gu. That Kings County action appears to have been related to Chan and Gu's tenancy at 2526 85th Street in Brooklyn, New York. (ECF 1 at 11.)

Gu recently filed an action in this Court, *Gu v. Chen*, No. 24-CV-5209 (LTS) (S.D.N.Y.), against Hang Chen, the United States, and others in connection with the same Kings County litigation. Gu asserted that venue was proper in this district for her claims against the United States because she had reported "federal crimes" by mailing a form to the Federal Bureau of Investigation (FBI) office in the Southern District of New York. The Court construed that complaint as asserting, among other claims, a claim against the United States under the Federal Tort Claims Act (FTCA). Venue for an FTCA claim lies "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Because Gu resides in Kings County, New York, and many of the events giving rise to the claims occurred there, the Court held in the July 11, 2024 transfer order, *Gu*, 24-CV-5209, 4, that venue of that suit was proper in the Eastern District of New York, even if venue of the FTCA claim were also proper in this district.

In this action, Plaintiff sues attorney Mark Salem, Mark Salem Law PC, and the United States. Plaintiff contends that on February 22, 2024, Salem filed a "fake case" in Kings County to harass Plaintiff. (ECF 1 at 3.) Plaintiff states that on July 5, 2024, he submitted information to the online portal of the FBI regarding alleged crimes by Salem, and that he mailed a form on July 9, 2024, to the FBI's Manhattan office. (*Id.* at 4.)

2

Even when venue is proper in the district where a case was filed, the court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff resides in Brooklyn, and the underlying events occurred in Brooklyn, which is in the Eastern District of New York. 28 U.S.C. § 112(c). Plaintiff's choice of this forum is therefore entitled to less deference. The Eastern District appears to be a more convenient forum for this action and other related litigation is pending in the Eastern District. Based on consideration of the relevant factors, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under

Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 19, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge